Case number 4-15-0910, People v. Justin Cavette. Appearing for defendant is attorney Gavin Dow and for the state is attorney David Manchin. Good afternoon. All right, Mr. Dow, are you ready? Yes, your honor. You may proceed. Oh, and counsel, I'll indicate to you both that the court received the motion to cite additional authority filed by defendant and that motion is allowed. Thank you, your honor. Good afternoon. Once again, this is Gavin Dow on behalf of Justin Cavette. May it please the court, in light of the recent developments in the case law, I'd like to just start by giving the court a brief overview of what our position is on the four issues that are raised in this case. So in our first argument, we believe that our individual conviction has to be reversed outright because it's predicated on a constitutionally invalid prior conviction. By that I mean a conviction that's based on a basically unconstitutional statute. Our brief largely focused on the difference between our individual criminal and unlawful use or possession of a weapon by a felon. But as the court is now aware, this past Thursday, the Illinois Supreme Court decided in Ray NG, which substantially strengthened our argument by overruling Peeble v. McFadden. And under NG, a constitutionally invalid conviction can't be used for any reason under any circumstances. So that's why we believe our individual conviction needs to be reversed. That still leaves us with the cannabis conviction, and in our view, that conviction should be reversed and remanded for a new trial under Argument 2, and that's because of instructional errors related to the stipulation about Mr. Cavette's criminal history. And then finally, if this court affirms the cannabis conviction, the sentencing issues raised in Argument 3 would be moot because Mr. Cavette has already served his three-year sentence for the cannabis offense, and obviously that's assuming the armed habitual conviction is reversed. That brings us to the fines, which is also affected by a recent Illinois Supreme Court decision, Peeble v. Vara. I believe there's a rehearing petition pending in that case, but assuming the decision stays as it is, this court would not have jurisdiction to vacate the clerk-imposed fines, but it still can and should apply the $130 in pre-sentence credit against the remaining fines. So with the rest of my time, I'm planning to discuss the first two issues raised in the briefs, though I am, of course, happy to address any questions about the other issues that the court has. So turning to the armed habitual conviction. In re NG, obviously, changes things quite a bit. That decision essentially adopted our analysis of Montgomery v. Siebel, and that analysis is that when you have facially unconstitutional criminal statute, what it's doing is creating an offense that's beyond the power of the state to punish. So under Montgomery v. Siebel, and now under In re NG, any conviction or any judgment entered under that statute is not only void ab initio, but it can't be used for any reason, for any purpose, and importantly, in NG, the court overruled McFadden to the extent it conflicts with that analysis. How that applies here is pretty simple. Mr. Quevette was convicted of aggravated unlawful use of a weapon in 2011. That conviction was actually vacated in 2017 as void, and under In re NG and Montgomery v. Siebel, it can't be used for any purpose, including serving as a credit kit for armed habitual criminal. For that reason, the evidence was insufficient to support a conviction for that offense because there was no other qualifying conviction that was presented at trial. So the armed habitual conviction should be reversed. That leaves us with the candidate's conviction. We argue that it should be reversed because of the two separate instructional errors related to the jury's use of a stipulation about Mr. Quevette's criminal history. Now, the party stipulated that he had two qualifying convictions under the armed habitual criminal statute. Now, there were two distinct, they're related, but they're distinct errors. The first one is right after that stipulation. The trial court orally instructed the jury to consider it, quote, along with all the other evidence in the case, end quote. The second error was that the trial court failed to give a limiting instruction on how the jury could use the stipulation either at that point or at the close of the evidence. And we argue that that violated Spencer v. Texas. Now, the statement's brief did not dispute the first of these two errors. It did dispute the second. But we think that the first error is enough to require reversal. As I said, the trial court instructed the jury to consider the stipulation along with all the evidence in the case. And since the jury could only consider that stipulation for the limited purpose of deciding whether Mr. Kovett qualified for armed habitual criminal, that essentially communicated to the jury that it was to treat Mr. Kovett's criminal history just like any of the other evidence, like the testimony it heard. And that creates a very serious risk that the jury drew what courts recognize as a natural propensity inference, that because Mr. Kovett had a criminal history and, in fact, that he was a, quote, habitual criminal, that he's more likely to have committed the offenses in this case, including the cannabis possession. Now, that requires reversal under either ineffective assistance of counsel, because counsel failed to object to the oral instruction, or under the plain error doctrine, especially in light of the closely balanced evidence on the cannabis conviction. Just briefly, in State's case, we essentially just had proximity to where the cannabis was located. It was found in the bathroom underneath the trash liner where Mr. Kovett had been just when he was arrested. There is no evidence, there was no evidence in State's case that Mr. Kovett was aware that any cannabis was, in fact, in the bathroom. It wasn't visible. There was no forensic evidence tying him to what was found. Now, one of the defense witnesses ultimately did testify on cross-examination that she saw Mr. Kovett with a small baggie of marijuana. But even that would seem possibly inconsistent with what was found in the bathroom, because we had two baggies. One of them was substantially larger than the other. I'd also note that there are indications of the record that the jury struggled to convict on both charges, in fact. But as far as the cannabis charge goes, at one point it sent a note to the court, and it said, you know, can we still convict him, even if we think he didn't know the marijuana was there, if we believe he intended to smoke? There was also another note the jury sent out at one point indicating that they were deadlocked on both charges. So in light of that, we think the evidence is closely balanced, and that requires reversal due to erroneous oral instruction. If the court has no further questions, we would ask it to reverse the artificial conviction outright, and to reverse and remand the cannabis possession conviction for a new trial. Okay, thank you. Thank you. Mr. Manchin. May it please the court, counsel. Defense counsel is correct that the habitual criminal charge has to be vacated. Wait, wait. You're conceding that? Well, NG expressly overruled McFadden, which is the only authority that we relied upon, as saying that you can use the prior conviction. This is a new day, Mr. Manchin. Well, I can't argue with the Supreme Court's decision four days ago. I should never go on vacation because they come down with that while I'm gone. There is no argument that can be made after NG. They expressly overruled McFadden, so it has to be vacated. With respect to the instructional issue, the trial court was correct. There is no instruction. You have evidence before you that the defendant has a prior conviction that is to be considered by you. That is a correct statement of law. It's evidence before them. They can consider it. The only quote unquote error is in not going on to say, okay, you can only use it for this limited purpose. And the trial court was under no constitutional, statutory, or any obligation at all to sua sponte, instruct the jury, as to the limited purpose for which the evidence was presented. The instructions regarding this particular evidence as prior offense for a habitual criminal states that the instruction as to the prior conviction should be given only at the defendant's request. So the trial court's decision to just not give the instruction is correct. That the instruction given, you have evidence before you that the defendant has a conviction, and you can consider that, is a correct statement of law. There is absolutely nothing wrong with that. The only error that could be found is in not sua sponte, instructing the jury, as to the limited purpose. And I submit that that is neither plain error nor ineffective assistance of counsel. Counsel could very well decide not to request, just as with the prior conviction for impeachment, not request limiting instruction there. That can be a reasonable decision of counsel. This is not an issue that should be, as far as ineffective assistance of counsel and not objecting, I think this is not a case like Beach where you can decide on this record that counsel was, in fact, incompetent for not objecting. It's one that should be raised, if at all, in a post-conviction proceeding. So I think the jury was properly instructed. The trial court was not under any obligation to give a limiting instruction, saying it could be only used as proof of the prior conviction for the habitual offense. How did this instruction actually read, though? I'm trying to, I don't remember the exact language. It was basically, you have evidence before you. I'm sorry, I think I have it here that the court instructed the jury that you should consider this along with all the other evidence of the case. That's correct. So it sounds like the trial court is affirmatively instructing the jury. This isn't a situation where the defendant is saying that the, this isn't a case where the defendant necessarily has to suggest that the trial court was required to give another instruction, but can argue that the instruction that was given by the trial court was inaccurate as a matter of law, because the jury could only consider it for a limited purpose, but yet was instructed that it could, in essence, consider it for any purpose. I think that the instruction given was correct, that there is, unless you're going to create a rule that says that you have to give a limiting instruction as to all evidence that is usable only for a limited purpose, that an instruction that you have evidence before you, this is almost like the instruction to close the trial, I forget, where the court says you have, you are to consider all the evidence in front of you before making your determination. That is no different than this statement saying that you can consider this evidence which is before you. I think it's no different than that. It's just saying that you have the, it's like a normal stipulation where the parties stipulate, for example, the drugs. They stipulate that the tests were done and it was .75 grams of cocaine. You may consider this evidence in reaching your determination. This is no different. The parties have stipulated to this evidence, you may consider that evidence. I think that's proper instruction, and that the only impropriety that could be found is in the trial court's failure to sui sponte, say you can consider, you can only consider it for this limited purpose. And there is absolutely no legal requirement, or no constitutional requirement, that the trial court gives such a limiting instruction. In fact, the instruction regarding the prior offense, in terms of habitual offenders, the committee comments of that say that the instruction should be given only at the defendant's request. Similar to the instruction on the defendant's conviction as part of his impeachment. That instruction can only be given at the defendant's request. So I think that there is no error here that would require reversal, and I don't think that the evidence is so closely balanced that this error could be determined, deemed either plain error, or that counsel was ineffective in failing to object. If there are no further questions. Thank you, Mr. Manson. Mr. Dowd, rebuttal argument? What about that last point made by Mr. Manson, in regards to what the court actually instructed the jury on? Are you suggesting that the court had an affirmative duty to instruct the jury further? Are you saying that the instruction that was given was erroneous? Actually, both, Your Honor. So, as far as the oral instruction goes, it's erroneous because what the court is communicating to the jury is, this is just ordinary evidence like anything else. Think about it for whatever value it's worth for you. What the case law says is that when you have evidence of other crimes, that raises a natural propensity inference, and in fact, it's a relevant inference. But the problem is that it's basically too relevant. We're worried that juries are going to afford that way too much weight. And so, they actually are not allowed to draw that inference in general. There are certain types of cases where they are, such as sexual assault cases. This is not one of them. I don't remember. Sorry for interrupting. I don't remember if there was a source for this particular instruction. The one I'm looking at is, Ladies and gentlemen, you should consider this along with all the other evidence in this case. This is following the reading of the stipulation, right? Correct, Your Honor. Where did the trial court get that language from? I don't know the answer to that, Your Honor. I don't believe that that was discussed ahead of time. I think that the trial judge was just trying to explain to the jury what was going on with the stipulation, but because of the nature of the stipulation, it turns out to be problematic in this case. I'd also like to counsel discuss the other error that we brought up, which is the failure to issue a limiting instruction to Esponte. And there were just a couple of points I wanted to make about that. First, there actually is authority for the notion that this limiting instruction is required by the 14th Amendment. The Sixth Circuit, in two different cases, those would be Dawson and Evans, as well as Louisiana Supreme Court in Green, said that under Spencer, when you have a unitary trial, in other words, when you're trying sort of the underlying conduct at the same time as the defendant's criminal history, instead of splitting that out, which we do not do in Illinois, then there's an affirmative duty, a sua sponte duty, to instruct the jury as to the limited use it can make of the defendant's criminal history. And if you don't do that, that's a due process violation, even if the defense doesn't ask for it. We do discuss in our brief that the committee note to IPI 3.13X does say only give this to, at the defense's request. And obviously a committee note is not going to sort of outrank Spencer, outrank due process. But I think what's important for us is that these two things are not completely inconsistent. You can reconcile. All that has to be done is that the matter has to be raised at the instructions conference, at which point the defendant can affirmatively waive his right to a limiting instruction, or ask for the limiting instruction. But the point is that this wasn't raised at all. And that's important because what Spencer says is that having this unitary proceeding, it is inherently prejudicial. There is something prejudicial about having the jury decide the underlying facts of the case at the same time the jury learns that the defendant has a criminal history. And what Spencer said was that, you know, we assume that juries follow limiting instructions. So when you do this, if you put a limiting instruction out there, you tell the jury, look, you're only supposed to use it for that purpose, that solves the prejudice. You know, maybe there's some lingering prejudice just because the jury heard it, but all the due process requires is the limiting instruction. But we didn't have that here. We didn't have that critical protection, which is what the Supreme Court and Spencer said, was why the Texas procedure in that case, which is similar to the Illinois procedure for an individual criminal, was constitutional. Finally, Your Honor, we did hear about ineffective assistance of counsel. It is our position that there's, may I finish my answer? I see my light is on. Briefly, yes. Thank you. You know, it's our position that there's no reasonable strategy that would allow trial counsel to let the jury consider this  But trial strategy, you know, it's a very simple thing. It is not a consideration under plain error, and we're also raising that the failure to give limiting instructions is plain error. Counsel, may I ask a question? How long have you been at the office of the appellate defendant? I started in January 2014. When you go back to the office, I want you to report that Mr. Manchin has actually conceded an issue which provides you with a major victory, which is, of course, dependent upon that recent decision of the Illinois Supreme Court, but I think the office would appreciate knowing. Well, I appreciate it, certainly, and I know that my colleagues know. Okay, thank you, counsel, both. Case will be taken under advisement and a written decision shall issue.